# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**LOVELESS MILSON,**

    **Petitioner,**

**v.**                                                    **Case No: 5:22-CV-199-WFJ-PRL**

**WARDEN, FCC COLEMAN- USP II,**

    **Respondent.**

_____

## <u>ORDER DISMISSING CASE</u>

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

## I.    BACKGROUND

Petitioner pled guilty to attempted interference with commerce by robbery (18 U.S.C. § 1951), carrying a firearm during and in relation to a crime of violence (robbery) (18 U.S.C. § 924(c)(1) & (2)), and carrying a firearm during and in relation to a crime of violence (conspiracy to possess with intent to distribute controlled substances) (18 U.S.C. § 924(c)(1)-(2)). *See* Case No. 6:07-cr-20052-01 (W.D. La.). Petitioner was sentenced to 39 years in prison. Petitioner's appeal was dismissed as frivolous. *See United States v. Milson*, 379 F. App'x 376 (5th Cir. 2010).

Petitioner filed a motion under 28 U.S.C. § 2255 in June 2016, and supplemented it in April 2019, and August 2019. *See* Doc. 657, Case No. 6:16-cv-954 (W.D. La.). The motion was denied. *See* 6:16-cv-00954-DDD.

## II.    ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The text of the "savings clause" of section 2255(e) permits a federal prisoner to challenge his sentence under section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner must prove that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). In *McCarthan*, the Eleventh Circuit held that a prisoner has a "meaningful opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id*. at 1086-87.

Absent narrow exceptions, the Eleventh Circuit has held that section 2241 is unavailable to challenge the validity of a sentence. *McCarthan,* 851 F.3d at 1079. The Eleventh Circuit recently provided examples in which, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim:

> *McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, he may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Id.* (internal citations omitted). If that is the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (internal citations omitted).

Petitioner challenges the validity of his conviction on two counts (Counts 5 and 8) based on the Fourth Circuit's decision in *United States v. Taylor*, 979 F.3d 1023 (4th Cir. 2020). *See id.* at 2, 6-7, 10-18. Petitioner argues that some courts ruled that attempted Hobbs Act Robbery is not considered a crime of violence and he believes the Supreme Court will affirm that decision. *Id.* at 7. Petitioner further argues that *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017) (en banc) should be overturned and that the "savings clause" is the only remedy that can get him relief. *Id.* For relief, Petitioner requests, *inter alia*, the Court to "vacate Counts 5 and 8 for violating § 924(c)." (Doc. 1 at 8).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. Here, Petitioner has failed to demonstrate that a motion to vacate filed under section 2255 is "inadequate or ineffective." *McCarthan*, 851 F.3d at 1081. Even construing his *pro se*

petition liberally, as the Court must, none of his claims are cognizable under section 2241 because he challenges the validity of his underlying sentences, not the execution of his sentences. Petitioner has failed to show the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition.

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on May 22, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner

4